IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KATHY L. HARRISON,**      CASE NO. 3:20 CV 2580

    Plaintiff,

    v.      JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.      **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Kathy L. Harrison seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Amanda M. Knapp for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Knapp recommends this Court affirm the Commissioner's final decision. (Doc. 18). Plaintiff filed objections to the R&R (Doc. 20), and the Commissioner filed a response thereto (Doc. 21). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income in May 2018, alleging a disability onset date of September 19, 2007. (Tr. 15, 66, 184-90). Her claims were denied initially and upon reconsideration. (Tr. 90-92, 97-101). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on February 18, 2020. (Tr. 35-65). On March 3, 2020, the ALJ found Plaintiff not disabled in a written decision. (Tr. 12-29). The Appeals Council denied Plaintiff's request for review, making the hearing decision the

final decision of the Commissioner. (Tr. 1-6). Plaintiff timely filed the instant action on November 17, 2020. (Doc. 1).

Plaintiff originally argued the ALJ failed to properly evaluate the medical opinion of consultative psychological examiner Christopher C. Ward, Ph.D. In her R&R, Judge Knapp concluded the ALJ's evaluation of Dr. Ward's opinion complied with the relevant administrative regulations and was supported by substantial evidence. *See* Doc. 18, at 25-37.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

**DISCUSSION**[1]

Plaintiff raises one objection to the R&R. She argues the Magistrate Judge erred in her analysis of Dr. Ward's opinion. (Doc. 20, at 2-7). She specifically argues Dr. Ward's opinion was adequately supported, and that the ALJ, and by extension the Magistrate Judge, conducted an inappropriate review of the medical record. *Id.*

Supportability is one of several factors considered when analyzing medical opinions. 20 C.F.R. § 416.920c(c)(1). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." *Id.*

Dr. Ward opined Plaintiff would be mildly limited in her ability to understand, remember, and carry out complex instructions. (Tr. 515). He also opined Plaintiff would have moderate limitations in the ability to make judgments on complex work-related decisions. *Id.* He further opined Plaintiff would have marked limitations in her ability to interact with the public, supervisors, co-workers, and the ability to respond appropriately to usual work situations and to changes in a routine work setting. (Tr. 516). To support these opinions, Dr. Ward relied on Plaintiff's clinical presentation, her described history of limitations, and problems with emotional instability and frustration tolerance. (Tr. 515-16).

After considering Dr. Ward's opinion, alongside other evidence in the record, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to:

> perform simple, routine, and repetitive tasks, but not at a production rate pace (so, for example, no assembly line work). She can make simple, work-related decisions and can respond appropriately to occasional interaction with supervisors and co-

---

1. Neither party objects to Judge Knapp's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Knapp.

workers but with no team or tandem work with co-workers and no interaction with the general public. She is limited to tolerating few changes in the work setting, defined as routine job duties that remain static and are performed in stable, predictable work environment[.] [A]ny necessary changes need to occur infrequently and be adequately and easily explained.

(Tr. 22).²

The ALJ came to this RFC, in part, by discounting Dr. Ward's opinion. *See* Tr. 25-27. She found Dr. Ward's opinion was "generally unpersuasive" because it was not fully supported by his own examination findings and was inconsistent with the totality of the evidence. (Tr. 26). Specifically, among other findings, she found Dr. Ward's examination findings did not support his marked limitations. *Id.*

The Magistrate Judge, in analyzing the ALJ's analysis of the supportability of Dr. Ward's opinion, found the decision as a whole properly analyzed his opinion. (Doc. 18, at 26-31). Recognizing ALJs make decisions within a "zone of choice", the Magistrate Judge found the ALJ's opinion was supported by substantial evidence. *Id.* at 30-31 (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)). And this Court finds no error in the Magistrate Judge's analysis.

Plaintiff argues Dr. Ward's report was comprehensive and fully explained, and that therefore the ALJ and the Magistrate Judge erred in failing to find his opinion supported. (Doc. 20, at 4) ("The ALJ did not fully consider the support provided by Dr. Ward."). The Court disagrees. The ALJ specifically cited those findings of Dr. Ward's that she found internally inconsistent with his opinion. *See* Tr. 26. The ALJ adequately explained she found Dr. Ward's opinion that Plaintiff had marked limitation in interacting with others contradicted by the fact that he "was able to establish adequate rapport and she did not manifest any indications of obsessions,

---

2. The ALJ's RFC also contained physical limitations which are not at issue in this administrative appeal. *See* Tr. 22.

4

delusions, or hallucinations" and his opinion that Plaintiff has marked limitation in responding appropriately to usual work situations or making judgments on complex work decisions contradicted by his observation that "she was able to track the conversation without significant difficulty and appeared to maintain sufficient [judgment[3]] to make decisions affecting her future and to conduct her living arrangements appropriately." *See id*. This explanation complies with the relevant regulation. *See* 20 C.F.R. § 416.920c(c)(1).

Plaintiff further contends the ALJ – and the Magistrate Judge by extension – erred in discounting Dr. Ward's opinion for being based on Plaintiff's subjective reports, contending that reliance on such evidence "is necessary when evaluating a mental health impairment" "misrepresent[s] what mental health professionals do". (Doc. 20, at 5-6). But as Judge Knapp explained, the ALJ acknowledged and discussed elsewhere in her opinion both Plaintiff's subjectively-reported history and treatment findings. *See* Doc. 18, at 31-35. And the ALJ did not discount Dr. Ward's opinion just because it was based on those subjective reports, but further because she found those subjective reports themselves inconsistent with other evidence of record. *See* Tr. 27 ("However, aside from the claimant's increased situational stressors at that time, Dr. Ward's conclusions regarding her marked limitations are not consistent with the claimant's own reports and the observations of the claimant's treating providers as chronicled in her treatment notes."). Plaintiff further argues that this analysis was inappropriate, because mental health impairments fluctuate. *See* Doc. 20, at 6. But the ALJ explicitly acknowledged that fluctuation in her opinion – setting forth the medical evidence of record (Tr. 24-25), and summarizing that

---

3. The ALJ uses the word "evidence" here, but in context, and looking to Dr. Ward's opinion, it appears the word "judgment" was intended. *See* Tr. 26, 522 ("Based on available information, Ms. Harrison's judgment is sufficient for her to make decisions affecting her future and to conduct her own living arrangements adequately.")

Plaintiff's records demonstrate an improvement of symptoms when compliant with treatment (Tr. 26); *see also* Doc. 18, at 31-33.

Finally, Plaintiff contends the ALJ substituted her own opinion for that of Dr. Ward. *See* Doc. 20, at 6. But upon review the Court finds she did not do so. It is the ALJ's duty to assess all the evidence and determine the RFC. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010).

At base, Plaintiff's objection to the Magistrate Judge's R&R, and to the ALJ's underlying decision, reflects a disagreement over conflicts in the evidence. But it is not this Court's role to reweigh conflicting evidence. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."). The Court finds – for the reasons stated in Judge Knapp's thorough and well-reasoned R&R – the ALJ did not err, and her decision is supported by substantial evidence.

## Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Knapp's R&R (Doc. 18) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ *James R. Knepp II*<br>UNITED STATES DISTRICT JUDGE